UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      CASE NO. 17-CR-20072-VAR
                                      HONORABLE VICTORIA A. ROBERTS

ADRIAN WALKER,

        Defendant.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Adrian Walker ("Walker") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

The Court finds: (A) the indictment placed Petitioner on notice that the mandatory minimum sentence attached to Count Five is seven years; (B) Petitioner's court-appointed counsel was not ineffective; and, (C) Hobbs Act robbery is a crime of violence under Title 18, U.S.C. § 924(c).

For these reasons, the Court **DENIES** Walker's petition for habeas relief.

**I.    Background**

The Court charged Walker with various counts of interference with commerce by robbery, brandishing a firearm during and in relation to a crime of violence, and felon in possession of a firearm. These charges related to three separate robberies of pizza

1

deliverymen in December 2016 and January 2017. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11"), Walker entered into a Plea Agreement ("Agreement") [Doc. 17] on eight charges. The Agreement contained this narrative of facts:

> On January 24, 2017, law enforcement found Adrian Walker inside a home next door to the residence where all of the armed robberies took place. Walker had one of the victim-employee's cell phones in his possession. Walker directed the police to the vacant home next door where he had hidden the rifle used in all of the robberies. The gun was identified as a Hi-Point, Model 995, 9mm rifle. Defendant Walker was arrested and interviewed after he waived Miranda. Walker confessed to robbing each of the pizza delivery drivers at gunpoint. Walker admitted that he brandished the Hi-Point, 9mm rifle during all these offenses.

[Doc. 17, Pg. 49].

The Court accepted Walker's pleas, convicted him on eight charges and sentenced him to 384 months in prison and three years of supervised release. [Doc. 21, Pg. 2-3].

Walker now seeks a writ of habeas corpus. He claims: (1) the indictment did not place him on notice that the mandatory minimum sentence attached to Count Five is seven years; (2) he was denied effective assistance of counsel because his lawyer failed to argue that the mandatory minimum sentence on Count Five should have been five years instead of seven years; and, (3) in light of the Supreme Court's ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Hobbs Act robbery does not qualify as a "crime of violence" under Title 18, U.S.C. § 924(c).

## II. Standard of Review

To succeed on a motion to vacate, set aside, or correct sentence, petitioner must allege: "1) an error of constitutional magnitude; 2) a sentence imposed outside the statutory limits; or 3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (citation and internal quotation marks omitted).

III. Analysis

   A. **Walker Was On Notice That the Mandatory Minimum Sentence Attached To Count Five is Seven Years**

   Walker claims the district court erred in applying an enhanced seven-year mandatory minimum to his offense of using a firearm during and in relation to a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Walker makes this claim largely because the title of the charge in the indictment did not contain the word "brandish." However, Walker had ample notice that the enhanced minimum applied [Doc. 26]; the body of the indictment stated that Walker "did knowingly and intentionally use and carry and brandished a firearm."

   The Sixth Circuit held that "the body of the indictment contains the actual charge, and the caption or cover sheet is not a necessary or controlling

part of the indictment." *United States v. Ebolum*, 72 F.3d 35, 39 (6th Cir. 1995). Moreover, Walker agreed to the seven-year mandatory minimum expressed in the plea agreement [Doc. 24, Pg. 106-07]; thus he had notice that the mandatory minimum sentence attached to Count Five is seven and not five years. [Doc. 17, Pg. 51].

At the plea hearing, Walker affirmatively indicated that he understood the following statutory penalties in relation to the mandatory minimum sentence attached to Count Five:

> Brandishing a Firearm During and in Relation to a Crime of Violence, the first Count would carry not less than seven years in prison and up to life and consecutive to any other sentence imposed.

[Doc. 24, Pg. 106-07].

When the Court asked Walker whether he understood those statutory penalties, he responded with "Yes." [Doc. 24, Pg. 107].

Walker also affirmatively indicated that the Government accurately described the Rule 11 Agreement that he entered into, which includes the following statement:

> The Guideline range for Counts One, Three, Four, Six, Seven and Nine and specifically the Counts that involve Interference with Commerce by Robbery and Felon in Possession of a Firearm carry a Guideline range of 63 to 78 months. But again, the Defendant understands that because a firearm was brandished during and in relation to the crime of violence of interference with commerce by robbery, the Court must impose a sentence of 32 years for the convictions on Counts Five and Eight.

[Doc. 24, Pg. 109-110].

When the Court asked Walker whether the government accurately described the Rule 11 Agreement that he entered into, he responded with "Yes." [Doc. 24, Pg. 110].

For these reasons, the Court finds that Walker was sufficiently on notice that he faced a mandatory minimum of seven years for his conviction on Count Five. This claim fails.

**B. Ineffective Assistance of Counsel**

**i. Legal Standard**

The United States Supreme Court set forth a two-pronged test for evaluating the claim of a habeas petitioner who challenges a guilty plea on the grounds that he was denied the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 685 (1984)). Second, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**ii. The Reasonableness of Petitioner's Counsel**

Walker argues that his court-appointed attorney "failed to inform Mr. Walker properly of the [a]pplicable [s]tatutory, and guideline penalties during plea negotiations." [Doc. 28, Pg. 146]. Walker alleges that the so-

called omissions of counsel were not the result of reasonable professional judgment.

If there were omissions, they were not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Walker does not allege, for example, that counsel failed to make reasonable investigations, or that he was unaware of the charge. He merely claims that counsel failed to "provide professional guidance" regarding "his sentence exposure prior to [the] plea" because counsel "allowed for [Walker] to receive more time [than] prescribed by law[.]" [Doc. 28, Pg. 147].

At the plea hearing, when the Court asked Walker whether he had any complaints about his counsel's representation of him, he responded with "No" [Doc. 24, Pg. 103], and when the Court asked Walker whether he believes that his counsel has given him adequate representation as his lawyer, he responded with "Yes." [Doc. 24, Pg. 103].

Counsel's failure to argue for an impossible five-year sentence on Count Five does not fall below an objective standard of reasonableness. *Hill*, 474 U.S. at 57-58 (quoting *Strickland*, 466 U.S. at 685). Walker was charged with brandishing, an offense that carries a statutory penalty of not less than seven years in prison and up to life. [Doc. 24, Pg. 106]. Therefore, counsel's representation did not fall below an objective standard of reasonableness.

**iii. Prejudice**

Walker pled guilty to brandishing; a five-year sentence on this was simply not available to Walker, and arguing for it would have been an exercise in futility.

Walker fails to show that there is a reasonable probability that, but for some error by his attorney, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 690. Therefore, counsel's performance did not result in prejudice.

For these reasons, the Court finds that Walker failed to establish that his counsel's representation was unreasonable. Walker also failed to demonstrate that his counsel's performance resulted in prejudice. Walker's claim of ineffective assistance of counsel fails.

## C. The Meaning of Hobbs Act Robbery Under Title 18 U.S.C. § 924(c).

Walker argues that the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018) entitles him to relief, and that this Court should hold that the residual clause of Title 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Walker also contends that Hobbs Act robbery is not a "crime of violence" under the elements clause of Title 18 U.S.C. § 924(c) because he did not use, attempt to use, or threaten the use of violent physical force.

The government argues that the application of *Dimaya* to Section 924(c)(3)(B)'s residual clause is immaterial because Hobbs Act robbery is still a crime of violence under Section 924(c)(3)(A)'s elements clause.

This Court agrees with the government. *Dimaya* involved the constitutionality of a statute rendering an alien deportable when convicted of an "aggravated felony." *Id.* at 1211. The statute defined an "aggravated felony" to include a "crime of violence." *Id.* The criminal statute defining "crime of violence" was set forth in two clauses: an elements clause and a residual clause. *Id.* The Court found that the residual clause, which defined a "crime of violence" in a similar way to the residual clause set forth in the Armed Career Criminal Act ("ACCA"), which it had previously invalidated, was unconstitutionally vague under the Due Process Clause. *Id.* at 1223.

But *Dimaya* does not entitle Walker to relief because Walker's Hobbs Act robbery conviction qualifies as a "crime of violence" under the "elements" clause, not the residual clause. Title 18 U.S.C. § 924(c)(3)(A).

Section 924(c)(3)(A) defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Thus, to qualify as a crime of violence under § 924(c)(3)(A), an offense must involve the "use" of physical force. Walker was charged and convicted of Hobbs Act robbery. In *United States v. Richardson*, 906 F.3d 417 (6th Cir. 2018), the Sixth Circuit held that "the principal offense of Hobbs Act robbery is a crime of violence under the [elements] clause. (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017)). In *Gooch*, the Court found that a conviction under Hobbs Act robbery requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future," and that Hobbs Act robbery "clearly has as an element

the use, attempted use, or threatened use of physical force against the person or property of another as necessary to constitute a crime of violence" in its elements clause. Title 18 U.S.C. § 924(c)(3)(A). Hobbs Act robbery is thus a crime of violence under Title 18, U.S.C. § 924(c).

For these reasons, the Court finds that *Dimaya* does not entitle Walker to relief because Walker's Hobbs Act robbery conviction qualifies as a "crime of violence" under the "elements" clause. This claim fails.

## IV. Conclusion

The indictment sufficiently put Walker on notice that Count Five carries a mandatory minimum sentence of seven years in prison. Walker also fails to satisfy both prongs of *Strickland*: that his trial counsel was constitutionally deficient in his performance, and that counsel's performance resulted in prejudice. Finally, Walker fails to show that his Hobbs Act robbery is a not crime of violence under Title 18, U.S.C. § 924(c).

Walker's petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

Before Petitioner may appeal the Court's decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without

addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's procedural ruling that the Habeas Petition is untimely debatable. Accordingly, the Court **DENIES** a COA.

    **IT IS SO ORDERED.**

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: March 28, 2019