UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 17-20072
                                              Honorable Victoria A. Roberts

ADRIAN WALKER,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE [ECF Nos. 37, 40]

Upon motion of ☒ the Defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is: *See* **pages 4-6.**

☐ **GRANTED**

    ☐ The defendant's previously imposed sentence of imprisonment of

_____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

3

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ **FACTORS CONSIDERED** (Optional):

In November 2017, the Court sentenced Adrian Walker to 32 years in prison after he pled guilty to interference with commerce by robbery, brandishing a firearm during a crime of violence, and felon in possession of a firearm. Walker now moves for compassionate release based on his medical conditions and the COVID-19 pandemic.

The compassionate release statute allows the Court to release a defendant if,

4

among other things, "extraordinary and compelling reasons warrant such a [release]," 18 U.S.C. § 3582(c)(1)(A)(i), and the applicable factors in 18 U.S.C. § 3553(a) support release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

Walker says extraordinary and compelling reasons exists for his release because he has a high risk of contracting COVID-19 in prison and because he suffers from diabetes and obesity, which make him more susceptible to COVID-19. The government agrees that Walker's medical conditions constitute an extraordinary reason; however, it says Walker's reasons for release are not compelling. The parties also dispute whether the § 3553(a) factors support release.

The Court assumes, without deciding, that Walker's medical conditions constitute extraordinary and compelling reasons for release. Nevertheless, Walker is not entitled to his requested relief because the applicable § 3553(a) factors weigh strongly against release at this early stage of his sentence. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny [compassionate release requests] under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief.").

Including his time in pretrial detention, Walker has served just under four years in prison – less than fifteen percent of his total sentence. Walker's expected

5

release date is not until May 15, 2045, leaving over 24 years remaining on his sentence. Considering the dangerous nature and circumstances of his offenses – which involved robbing numerous food delivery drivers at gunpoint – releasing Walker this early in his sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. *See* § 3553(a)(1)-(2); *Ruffin*, 978 F.3d at 1008-09 (affirming the denial of compassionate release under § 3553(a) where the defendant had served less than half of his 25-year sentence). Nor would it sufficiently account for Walker's history and characteristics – such as the fact that he: (1) was on probation for felony home invasion at the time he carried out the underlying offenses; (2) has been disciplined several times for minor (e.g., possessing stolen property and being absent from assignment) to moderate (i.e., "disruptive conduct-moderate") conduct while serving the underlying sentence, [*see* ECF No. 42-5]; and (3) is deemed to present a medium to high risk of recidivism by the Bureau of Prisons, [*see* ECF No. 42-6].

Because the applicable § 3553(a) factors weigh against Walker's release, the Court **DENIES** his motion.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30

days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS ORDERED**.

                                                    s/ Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated:  January 11, 2021